UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MAURICE BROWN, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 2:15-CV-370 RLM-PRC ) |
| ANITA ALVAREZ, d/b/a States Attorney for Cook County, Illinois, | ) ) ) ) ) |
| Defendant | ) |

OPINION AND ORDER

Maurice Brown filed a *pro se* complaint against Cook County State's Attorney Anita Alvarez, in her official capacity, under 42 U.S.C. §1981, alleging that Ms. Alvarez "recklessly" and "unconstitutionally" prosecuted him after Calumet City police officers arrested him on March 17, 2014 at a sobriety check point and charged him with driving under the influence and without insurance. Mr. Brown alleges that his blood alcohol level was below the 0.08 required under Illinois' DUI statute, and that the state prosecutor therefore must have prosecuted him because he was "mentally ill".[1] He seeks $1 million in damages. For the following reasons, the motion to proceed without prepayment of fees and costs is DENIED, and Mr. Brown's complaint is DISMISSED, without prejudice.

Mr. Brown's claim for damages against a state official in her official capacity is effectively a claim against the State, so the Eleventh Amendment, bars it "absent waiver by the State or valid congressional override." Kentucky v. Graham,

---

[1] Mr. Brown allegedly suffered from "acute anxiety" and had been prescribed medication (diazapam) for that condition at the time of the arrest.

473 U.S. 159, 169 (1985). *See also* Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Cory v. White, 457 U.S. 85, 90 (1982). The State of Illinois hasn't waived immunity or consented to being sued for wrongful prosecution in federal court, and neither it nor its officials acting in their official capacity are "persons" within the meaning of the federal civil rights statute. Will v. Michigan Dept. of State Police, 491 U.S. at 71.

Accordingly, Mr. Brown's petition to proceed without prepayment of fees and costs [Doc. No. 2] is DENIED, and the complaint is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

SO ORDERED.

ENTERED: __November 18, 2015__

                                       __/s/ Robert L. Miller, Jr.__
                                       Judge, United States District Court